# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **IRREGULAR IP, LLC,** *Plaintiff* § § § | |
| **v.** § § | Case No. 1:23-CV-00333-ADA |
| **PATAGONIA, INC.,** *Defendant* § § § | |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

**TO:** THE HONORABLE ALAN ALBRIGHT
UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Patagonia, Inc.'s Motion to Dismiss Plaintiff's Complaint, Dkt. 13, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the Court grant Patagonia's motion.

## I. BACKGROUND

Vance Gonzales is a Texas veteran who has created multiple LLCs to sell clothing and other apparel. Dkt. 13, at 2; Dkt. 15, at 4. In January 2022, Mr. Gonzalez formed The 18A Chronicles, LLC ("18 A") as an LLC with himself as the sole member and director. Dkt. 13, at 2. 18A produced, promoted, and sold a range of apparel and accessories with designs and brand names that Patagonia alleges infringed on its

trademarks. *Id.* at 2-3. Patagonia sued in the Central District of California ("First Lawsuit"), identifying 18A and Mr. Gonzalez as co-defendants. *Id.* at 3. The trademarks at issue in the First Lawsuit involved pictures of mountaintops with the words "Patagucci" or "Grayzonistan" printed below. Following negotiations, Mr. Gonzales signed a settlement agreement as 18A's owner that binds "any successor in interest to [18A's] name or brand." Dkt. 13-4, at 54.

Less than six months later, 18A announced a new product line on 18A's Instagram account that Patagonia alleges reused the infringing trademarks. Dkt. 13, at 4; Dkt. 13-4, at 67-70. Patagonia filed another complaint ("Second Lawsuit"), alleging that 18A infringed on Patagonia's trademark rights. Dkt. 13, at 6. The trademarks at issue in the Second Lawsuit largely mirrored those of the First Lawsuit, except the words "Patagucci" and "Grayzonistan" were replaced with the word "Irregular." 18A was served but did not answer or otherwise respond to the lawsuit. *Id.* Accordingly, Patagonia moved for a default judgment. *Id.* The California District Court entered default judgment against 18A, barring 18A and its "successors, assigns, … and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through, or under its control" from manufacturing, offering, or selling the infringing goods. *See* Dkts. 13-6 & 13-7. Patagonia provided notice of the Judgment and Injunction to 18A and Mr. Gonzalez by delivering the order to Mr. Gonzalez. *Id.*

Unbeknownst to Patagonia, however, Mr. Gonzalez had already formed another entity—Irregular IP, LLC.[1] Mr. Gonzalez created Irregular in November 2022, after 18A began selling the "IRREGULAR Trademarks," Dkt. 1, at ¶¶ 19, 31, 43, and after Patagonia filed its second infringement lawsuit against 18A. Dkt. 13, at 1. Patagonia alleges that Irregular is engaging in nearly identical infringing behavior as 18A in the First and Second Lawsuits. Dkt 13, at 8. The chart below demonstrates the similarity between the marks at issue:

| First 18A / Irregular Infringements (prohibited by the 2022 Settlement) | Second 18A / Irregular Infringements (prohibited by 2023 Injunction) | "IRREGULAR Trademarks" (the subject of this lawsuit) |
|---|---|---|
| patagucci | irregular | irregular |
| patagucci | irregular | irregular |
| grayzonistan | irregular | irregular |

---

[1] The nomenclature of this case can be confusing. 18A began selling clothing bearing the name "Irregular" before the entity Irregular IP, LLC was formed.

Dkt. 13, at 8.

Irregular filed a complaint in this Court seeking a declaratory judgment that these latest marks do not infringe upon Patagonia's. Dkt. 1, at 13. Patagonia moved to dismiss that complaint, Dkt. 13, arguing that Irregular's claims are barred by res judicata. That motion is now before the undersigned for consideration.

## II.   LEGAL STANDARD

### A. 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### B. Res Judicata

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was

involved in both actions." *Houston Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016) (citation omitted). "Federal law determines the res judicata effect of a prior federal court judgment." *Robinson v. Nat'l Cash Reg. Co.*, 808 F.2d 1119, 1124 (5th Cir. 1987).

On the first element, "privity is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052-53 (9th Cir. 2005) (quotation omitted) (cleaned up). "[P]rivity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990).

On the fourth factor—that the same claim or cause of action was involved in both actions—the Fifth Circuit uses a transactional test that asks whether the two cases are based on the same nucleus of operative facts. *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007). "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *Id.* "If the cases are based on the same nucleus of operative facts, the prior judgment's preclusive effect 'extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions,

our of which the original action arose.'" *Id.* (quoting *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (brackets omitted)).

### III. ANALYSIS

The question in this case is whether Irregular's declaratory action seeks to relitigate infringement claims that were resolved in the Second Lawsuit. If it does, then the complaint's arguments are barred by res judicata. Irregular argues that its complaint is not barred by res judicata because both the parties and trademarks at issue are different from those involved in the Second Lawsuit. Dkt. 15, at 9-11. Patagonia, on the other hand, claims that all four elements of res judicata are satisfied. Dkt. 13, at 9. After applying the four elements to the facts presented here, the undersigned agrees with Patagonia that res judicata bars Irregular's claims.

First, res judicata requires that the parties either be identical or in privity. *Houston Pro. Towing Ass'n*, 812 F.3d at 447. Privity defies a rigid definition. *See Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992) ("'Privity' is recognized as a broad concept, which requires us to look to the surrounding circumstances to determine whether claim preclusion is justified."). At base, privity "represents a legal conclusion that the relationship between one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion." *Sw. Airlines Co. v. Texas Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977) (quoting Vestal, *Preclusion/Res Judicata Variables: Parties*, 50 IOWA L. REV. 27 (1964)).

As noted above, the Fifth Circuit has held that "privity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Meza*, 908 F.2d at 1266. "Specifically, privity exists between preceding and succeeding owners of property." *Wicker v. Seterus, Inc.*, No. EP-15-CV-331-KC, 2016 WL 2622017, at *5 (W.D. Tex. May 5, 2016).

Irregular argues that there is no privity because this case involves "two very different and distinct pieces of intellectual propert[y]" than the marks at issue in the First and Second Lawsuits Dkt. 15, at 10. The First and Second Lawsuits, Irregular argues, involved a "PATAGUCCI" trademark used by 18A, whereas the mark here is "the IRREGULAR trademark" owned by Irregular. *Id.* at 10-11. For support, Irregular references the settlement agreement in the First Lawsuit which states that "18A is agreeing that it will not use the Patagucci term (or any substantially similar term) in connection with the manufacture, promotion, or sale of products." *Id.* at 11.

But that argument overlooks the default judgment entered against 18A in the Second Lawsuit. There, the Central District of California prohibited 18A from selling "***any of the Irregular Logos*** illustrated in the Court's order granting default judgment ***or any other designation and/or design that is similar***[.]" Dkt. 13-7, at 2 (emphases added). Those logos are nearly identical to the logos at issue in this lawsuit, as depicted supra at 3 (depicting chart from Dkt. 13, at 8). Indeed, 18A sold clothing bearing the word "Irregular" before Irregular existed as an entity.

8

Accordingly, the undersigned finds that the default judgment in the Second Lawsuit applies to the trademarks at issue in Irregular's complaint in this case.

For these reasons, the undersigned finds that there is privity between 18A and Irregular. "Courts acknowledge that privity exists between preceding and succeeding owners of property." *Ernest v. CitiMortgage, Inc.*, No. SA:13-CV-802-DAE, 2014 WL 294544, at *4 (W.D. Tex. Jan. 22, 2014). Because the property interest at issue in the Second Lawsuit and this declaratory action are identical, there is privity between 18A and Irregular, satisfying the first element for res judicata.

The remaining elements for res judicata are easily satisfied. The second requirement for res judicata is that the judgment in the prior action was rendered by a court of competent jurisdiction. *Houston Pro. Towing Ass'n*, 812 F.3d at 447. Irregular concedes that "the Central District of California is a court of competent jurisdiction." Dkt. 15, at 14.

The third requirement for res judicata is that "the prior action was concluded by a final judgment on the merits." *Houston Pro. Towing Ass'n*, 812 F.3d at 447. That requirement is satisfied because a default judgment was entered against 18A. "A default judgment is a final judgment on the merits and has a preclusive effect under res judicata." *W. Coast Distrib., Inc. v. Pearce*, No. 3:07-CV-1869-O, 2010 WL 145283, at *4 (N.D. Tex. Jan. 14, 2010)), *report and recommendation adopted*, No. 4:12CV634, 2015 WL 5837430 (E.D. Tex. Sept. 30, 2015), *aff'd*, 657 F. App'x 318 (5th Cir. 2016).

The fourth requirement for res judicata is that "the same claim or cause of action was involved in both actions." *Houston Pro. Towing Ass'n*, 812 F.3d at 447.

This is determined by the transactional test, which asks whether the two cases are based on the same nucleus of operative facts. *Davenport*, 484 F.3d at 326. That test is satisfied where, as here, the focus of a declaratory action concerns property rights already adjudicated by another court. *See XP Innovations Inc. v. Black Rapid, Inc.*, No. CIV.A. H-13-1856, 2013 WL 6230368, at *3 (S.D. Tex. Dec. 2, 2013) (finding that fourth element of res judicata was satisfied where declaratory action and previous judgment both dealt with the enforceability of the same patent).

Accordingly, each element for res judicata is satisfied. The undersigned therefore finds that Irregular's declaratory action is foreclosed by the default judgment against 18A in the Second Lawsuit.

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Patagonia's Motion to Dismiss, Dkt. 13, be **GRANTED**. **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Judge's docket and returned to the docket of the Honorable Alan Albright.

## V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after

the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 19, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE