# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| IRREGULAR IP LLC, a Texas limited liability Company, *Plaintiff,* v. Patagonia, Inc., a California Corporation, *Defendant.* | Civil Action No. 1:23-cv-00333-LY |

## OPPOSITION TO THE HONORABLE MAGISTRATE'S REPORT AND

## RECOMMENDATION

Plaintiff objects to the Honorable Magistrate Judge's docket in that the facts that the

Honorable Magistrate Judge states as fact are in dispute and if they are in dispute a

Motion to Dismiss is not appropriate, as all facts must be viewed in the light that

most favors the plaintiff.

I.    **Plaintiff believes that if the following  facts in bold are viewed favorable to the Plaintiff, the Magistrate would have arrived at a different conclusion of law.**

a. **IRREGULAR IP LLC NOR ANY PARTY LITIGATED THE CLAIMS IN THE SECOND LAWSUIT.**

Since Irregular IP LLC claims it was never properly served, it never had a chance to

argue the Central District of California case on the merit. Irregular IP LLC was not

1

brought into the lawsuit until a contempt order was filed. There was not litigating involved. Email nor mail, neither are proper service. Exhibit B p 5, Exhibit A pp. 29 and 33. Plaintiff disputes that the United States Corporation Agents Inc. is the Plaintiff's registered agent. Exhibit A, p 81.  In fact, the hearing was cancelled it which it could have been litigated.

### b. THE 18A CHRONICLES LLC NEVER SOLD CLOTHING BEARING THE IRREGULAR MARK.

Plaintiff is still bewildered by this accusation. Irregular IP LLC has always sold clothing under the Irregular Apparel Company. Exhibit B p. 8. Defendant found a scrivener's error mentioning 18A and latched onto that error while intentionally ignoring the Irregular Apparel Company. [Complaint paragraph 9]. Originally, the Irregular Apparel Company was the name of the business, but it was changed to Irregular IP LLC. Id. This is evident from the Defendant's own documentation. Exhibit B p. 8. Again, every document selling the IRREGULAR Brand states that it was being sold by the Irregular Apparel Company. [Complaint paragraph 9]. Defendant's call this a "self-serving claim." [Reply Motion to Dismiss p. 5]. Plaintiff calls it self-evident. Exhibit A p. 36 and Complaint paragraph 9.

### c. THE 18A CHRONICLES LLC WAS NEVER PROPERLY SERVED, NEITHER WAS IRREGULAR IP LLC OR MR. GONZALES.

Defendant admits that it served an old attorney of The 18A Chronicles. Defendant even has multiple serving addresses to The 18A Chronicles listed. This should be enough to survive a Motion to Dismiss.

### d. THE 00333 LAWSUIT WAS FILED BEFORE AN ORDER WAS ISSUED AGAINST IRREGULAR IP LLC.

On March 27, 2023, Plaintiff Irregular IP LLC filed this matter in the Western District of Texas. Nearly, a month later May 22, 2023, Patagonia Inc obtained an Order against Irregular IP LLC. Exhibit A, p. 49.  Patagonia Inc even used the 00333 lawsuit to file an Order against Irregular IP LLC. Id.  Plaintiff, a Texas Entity, not doing business in California,  only recourse against Patagonia Inc was to file a Declaratory Judgment in Texas Court. There can be no res judicata if Irregular IP LLC filed first. Otherwise, the answer to every Declaratory Judgment will be to quickly get an Order in another District Court once a Declaratory Judgment is filed and then claim Res Judicata. Plaintiff requests the Court view this logistics as problematic and indicative of how Patagonia Inc abuses the court system.

Thus, since Plaintiff filed first the lawsuits involved different parties. Whether or not, IRREGULAR IP LLC is a successor is a fact intensive decision, not suitable for a Motion to Dismiss.

## II.    CONCLUSION

Plaintiff believes the aforementioned facts are fundamental to the Magistrate's analysis. If these facts are viewed in the light most favorable to the non-moving

party, the Plaintiff, the Plaintiff believes and requests that the Court deny the Defendant's Motion to Dismiss.

RESPECTFULLY SUBMITTED THIS THE 4TH DAY OF JANUARY, 2023

/s/Nathan Brown

Attorney for Plaintiff

Brown Patent Law

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 4th, 2024, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system with service on the following either

via ECF, electronic mail and/or U.S. Mail:


VERSO LAW GROUP LLP
Ryan Bricker
209 Kearny St., 3rd Floor
San Francisco, CA 94108
(415) 534-0495 Telephone
ryan@versolaw.com


/s/ Nathan Brown